J. Michael Hennigan (SBN 59491)
hennigan@mckoolsmithhennigan.com
Kirk D. Dillman (SBN 110486)
kdillman@mckoolsmithhennigan.com
Michael H. Swartz (SBN 163590)
mswartz@mckoolsmithhennigan.com
Caroline M. Walters (SBN 239054)
cwalters@mckoolsmithhennigan.com
Robert J. King (SBN 302545)
rking@mckoolsmithhennigan.com
Karlanna M. Lewis (SBN 311103)
klewis@mckoolsmithhennigan.com
MCKOOL SMITH HENNIGAN, P.C.
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone:   (213) 694-1200
Facsimile:   (213) 694-1234
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| OAKTREE PRINCIPAL FUND V, LP.; OAKTREE PRINCIPAL FUND V (PARALLEL), L.P.; OAKTREE FF INVESTMENT FUND, L.P.; DG VALUE PARTNERS, L.P.; DG VALUE PARTNERS II MASTER FUND, L.P.; SPECIAL SITUATIONS, LLC; SPECIAL SITUATIONS X, LLC; BREVAN HOWARD CREDIT CATALYSTS MASTER FUND LIMITED; BREVAN HOWARD MASTER FUND LIMITED; VISIUM CREDIT MASTER FUND, LTD.; and VISIUM BALANCED MASTER FUND, LTD., | Case No. 2:15-cv-08574-PSG-MRWx<br><br>Judge:  Hon. Philip S. Gutierrez<br>Courtroom:  880<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS'** *EX PARTE* **APPLICATION FOR JUDGMENT REGARDING THE APPLICABILITY OF THE PSLRA DISCOVERY STAY** |
| Plaintiffs, | |
| v. | |
| WARBURG PINCUS LLC; WARBURG PINCUS PRIVATE EQUITY X, L.P.; FTI CONSULTING, INC.; and SEAN CARNEY, | Complaint Filed:  11/04/2015 |
| Defendants. | |

PLAINTIFFS' OPPOSITION TO EX PARTE APPLICATION FOR JUDGMENT RE DISCOVERY STAY

McKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CA

# **TABLE OF CONTENTS**

Page(s)

I.     INTRODUCTION .................................................................................................1

II.    Background ........................................................................................................2

    A.     The Current Discovery Schedule ................................................................2

    B.     Plaintiffs' Third Amended Complaint .......................................................2

III.   Argument ...........................................................................................................5

    A.     The PSLRA Does Not Require a Stay of Discovery Here. .......................5

    B.     The Pending Motions Do Not Justify a Stay. ...........................................9

IV.    CONCLUSION. .................................................................................................11

McKool Smith Hennigan, P.C.
Los Angeles, CA

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Backman v. Polaroid Corp.*,
910 F.2d 10 (1st Cir. 1990) ........................................................................ 10

*Butler Aviation Int'l v. Comprehensive Designers*,
425 F.2d 842 (2d Cir. 1970) ....................................................................... 10

*In re Burlington Coat Factory Sec. Litig.*,
114 F.3d 1410 (3d Cir. 1997) ..................................................................... 10

*In re Global Crossing Ltd. Sec. Litig.*,
322 F. Supp. 2d 319 (S.D.N.Y. 2004) .......................................................... 6

*In re Lantronix Sec. Litig.*,
No. CV02-03899 PA, 2003 WL 22462393 (C.D. Cal. Sept. 26, 2003) .................... 8

*In re Lernout & Hauspie Sec. Litig.*,
214 F. Supp. 2d 100 (D. Mass. 2002) ...................................................... 5, 6

*In re Salomon Analyst Litig.*,
373 F. Supp. 2d 252 (S.D.N.Y. 2015) ...................................................... 5, 7

*In re Southern Pacific Funding Corp. Sec. Litig.*,
83 F. Supp. 2d 1172 (D. Or. 1999) .............................................................. 6

*Latham v. Stein*,
6:08-2995 RBH, 6:08-3183-RBH, 2010 WL 3294722 (D.S.C., Aug.
20, 2010) ............................................................................................... 6, 7

*Overton v. Todman & Co.*,
478 F.3d 479 (2d Cir. 2007) ....................................................................... 10

*Pension Trust Fund for Operating Engineers v. Yahoo! Inc.* (*In re Yahoo!
Inc. Secs. Litig.*),
611 Fed. Appx. 387 (9th Cir. 2015) ............................................................ 10

*Petrie v. Elec. Game Card, Inc.*,
761 F.3d 959 (9th Cir. 2014) ........................................................................ 8

*Rudolph v. Arthur Andersen & Co.*,
800 F.2d 1040 (11th Cir. 1986) .................................................................. 11

MCKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CA

*Stransky v. Cummins Engine Co.*,
    51 F.3d 1329 (7th Cir. 1995) ............................................................................... 10

**STATUTES**

15 U.S.C. § 78u-4(b)(3)(B) ......................................................................................... 5

15 U.S.C. § 78j(b) ....................................................................................................... 3

15 U.S.C. § 78t et seq.. ............................................................................................... 3

PSLRA ................................................................................................................ passim

**OTHER AUTHORITIES**

F.R.C.P. Rule 15(a) ..................................................................................................... 6

H.R. Conf. Rep. No. 104-369 (1995)
    *reprinted in* 1995 U.S.C.C.A.N. 730 .................................................................. 6, 7

S. Rep. No. 104-98 (1995)
    *reprinted in* 1995 U.S.C.C.A.N. 679 ...................................................................... 7

McKool Smith Hennigan, P.C.
Los Angeles, CA

PLAINTIFFS' OPPOSITION TO EX PARTE APPLICATION FOR JUDGMENT RE DISCOVERY STAY

McKool Smith Hennigan, P.C.
Los Angeles, CA

## I.   INTRODUCTION

Plaintiffs filed this action on November 4, 2015.  Discovery was stayed for more than a year-and-a-half while Defendants challenged the pleadings.  Document discovery has now been conducted and the parties are in the throes of depositions. The discovery cut-off is only five weeks off, and almost all of the remaining depositions have been scheduled.

On July 17, 2018, Plaintiffs filed a Third Amended Complaint for the primary purpose of asserting new facts revealed in documents recently produced by Defendants that establish Defendants' knowing failure to correct prior misrepresentations after they indisputably knew of their falsity.  The Third Amended Complaint does not materially alter the existing claims but rather clarifies and elaborates on them to eliminate any ambiguity or uncertainty as to the claims Plaintiffs intend to pursue at trial.

Defendants did not oppose the filing of the Third Amended Complaint.  Instead, they filed motions to dismiss the newly-clarified claim for failure to correct.  The bulk of the Third Amended Complaint is unaffected by Defendants' motions; and the newly-clarified claims do not expand the scope of the case or the relevant discovery that will be needed to prepare the matter for trial.   No additional document discovery will be required, and the scope of depositions will not materially expand, if at all.

Concurrently with their limited motions to dismiss, Defendants filed *ex parte* applications to stay discovery pending determination of their motions, claiming that the PSLRA requires the brakes to be applied to the entire action because of their limited challenge to the new claim.  But there is no purpose to be served by a stay of discovery, other than perhaps a strategic effort to further delay the trial in this matter. The same discovery will need to be completed, regardless of the outcome of the motions to dismiss.  Defendants' *ex parte* applications should be denied so that the parties can continue to move this matter to trial on the current schedule.

PLAINTIFFS' OPPOSITION TO EX PARTE APPLICATION FOR JUDGMENT RE DISCOVERY STAY

## II.    BACKGROUND

### A.    The Current Discovery Schedule

In July 2017, following a lengthy PSLRA discovery stay as a result of Defendants' motions to dismiss the Second Amended Complaint, this Court set June 22, 2018 as the cut-off for non-expert discovery in this matter. Dkt. 174. In April 2018, by stipulation, this Court extended that deadline to August 21, 2018. Dkt. 264.

Document discovery is largely completed. Walters Decl., ¶ 2. The parties are in the midst of depositions. The parties have taken eight depositions thus far; have agreed on dates for sixteen additional depositions prior to the August 21 deadline; and are in the middle of finalizing dates for the remaining four anticipated depositions.[1] Walters Decl., ¶ 3. Nine witnesses Defendants have requested to depose have cleared their calendars to prepare for and attend their depositions. Walters Decl., ¶ 3. Plaintiffs assume the seven witnesses that Defendants or third parties have agreed to produce before August 21 have similarly cleared their calendars for their scheduled depositions.

### B.    Plaintiffs' Third Amended Complaint

On July 17, 2018, Plaintiffs filed their Third Amended Complaint. Dkt. 274. The Third Amended Complaint clarifies and expands allegations in two areas.

Defendants' and Rural/Metro's failure to disclose and correct misrepresentations made during the May 2013 call. While the evidence supports the Second Amended Complaint's allegations that Rural/Metro, Warburg and FTI knew that their May 2013 statements were false when they made them, documents produced in March and April by FTI and AMR (the company that purchased Rural/Metro) reveal that Defendants (or additional employees of Defendants) confirmed with certainty that these statements were false (even more so than they knew on May 15)

---

[1] Plaintiffs have proposed dates for three of the remaining anticipated depositions, which Defendants have rejected. The parties are waiting on confirmation of the availability of a third party to confirm the fourth remaining anticipated deposition. Walters Decl., ¶ 3.

PLAINTIFFS' OPPOSITION TO EX PARTE APPLICATION FOR JUDGMENT RE DISCOVERY STAY

McKool Smith Hennigan, P.C.
Los Angeles, CA

on or about June 13, 2013. Defendants nonetheless elected not to disclose and correct their misrepresentations.

Failure to disclose and correct misrepresentations is actionable under Section 10(b) and Section 20 of the Securities Exchange Act. Contrary to the Warburg Defendants' assertion, the Second Amended Complaint adequately pleads the failure to disclose and correct (at least as to Warburg and Rural/Metro). Indeed, the Second Amended Complaint cites to the June 2013 bank presentation that the Warburg Defendants note Plaintiffs have had for several years in support of the allegations. These issues, however, have come into sharp focus with the recent document productions (including, most recently, a confessional memo by one of the key witnesses produced, literally, on the eve of his deposition), Plaintiffs accordingly amended to eliminate any ambiguity concerning the nature and scope of the acts and omissions for which they are seeking to hold Defendants liable and to further detail their fraud claims to more completely include claims for Defendants' and Rural/Metro's June 2013 failure to disclose and correct the May 2013 misrepresentations.

Rural/Metro's misrepresentations during the November 2012 Noteholder Call. Plaintiffs also amended to provide additional specificity concerning misrepresentations during the November 2012 Noteholder Call. These amendments did not arise out of newly-produced documents. Rather, they arose out of the Court's Order denying Defendants' Motion to Dismiss the Second Amended Complaint. The Court concluded that Plaintiffs had not pleaded with sufficient particularity why statements made by Defendants on the November 2012 Noteholder Call were not merely vague puffery and why one statement by Rural/Metro CFO Jorge Perez was misleading. Dkt. 156, pp. 21-22.

Plaintiffs remedied that issue with detailed pleading that Rural/Metro CEO Michael DiMino and Perez both presented (and thus Rural/Metro presented) specific revenue and EBITDA figures that were materially false and misleading. They falsely

reported that EBITDA for the quarter ending September 2012 was $26 million, which they noted was a $5 million improvement over the same quarter in 2011 for continuing operations, and that Rural/Metro's APC during the quarter ending September 30, 2012 was $416. These misrepresentations create control person liability for Warburg and Carney under Section 20. The fact that the numbers were false was confirmed in April 2013 when FTI and Bingham determined that Rural/Metro's actual EBITDA for the quarter ending September 30, 2012 was $18 million, $8 million (more than 30%) less than the amount represented. FTI and Bingham also determined that Rural/Metro's APC for that quarter was $399 ($17 less than reported). Warburg, Carney, Rural/Metro, DiMino and Perez knew at the time of the November 2012 investor presentation that the numbers presented were false and misleading.

The Third Amended Complaint does not substantially alter existing claims. Rather, it seeks to clarify and elaborate on them to eliminate any ambiguity or uncertainty as to the claims Plaintiffs intend to pursue at trial. Plaintiffs do not believe that the amendments will require any (and certainly not any material) additional discovery; and Defendants have cited none.

On July 18, 2018, Defendants filed their motions to dismiss and *ex parte* applications seeking confirmation "that the automatic PSLRA stay is in effect until the Court's disposition of Defendants' Motions to Dismiss." Dkt. 319, p. 2 of 3; *see also* Dkt 318-1, p. 3 of 4.

Defendants' motions do not seek to dispose of the bulk of the case. Rather, they seek to dismiss only those claims arising from the recent, limited amendments. Dkt 315, p. 1 (Warburg Motion to Dismiss seeking "an order dismissing Plaintiffs' Third Amended Complaint ('TAC'), in part, with prejudice"); Dkt 317, p. 2 of 17 (FTI Motion to Dismiss moving the "Court to dismiss, in part, Plaintiffs' Third Amended Complaint). As FTI explained, the motions to dismiss seek "dismissal of those new 'duty to correct' allegations Plaintiffs have added to their Third Amended

McKool Smith Hennigan, P.C.
Los Angeles, CA

Complaint" and request "that the operative allegations continue to be those that survived the Court's 35-page January 2017 Order. . . ." Dkt. 317, p. 8 of 17.

Thus, regardless of the outcome of Defendants' motions, the currently-scheduled discovery will need to be completed. And because the amendments merely clarify Plaintiffs' position and relate to the same set of facts already at issue in the case, no additional discovery will be required in the likely event the Court denies Defendants' motions.

## III.   ARGUMENT

### A.   The PSLRA Does Not Require a Stay of Discovery Here.

The PSLRA provides that "discovery . . . shall be stayed during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B). As many courts have explained, this provision imposes an automatic discovery stay only until a court has "sustained the legal sufficiency of the complaint." *E.g.*, *In re Salomon Analyst Litig.*, 373 F. Supp. 2d 252, 254-55 (S.D.N.Y. 2015) (Lynch, J.). "In a case where [as here] the court already *has* sustained the legal sufficiency of the complaint, this purpose has been served." *Id.* "To permit defendants indefinitely to renew the stay simply by filing successive motions to dismiss would be to invite abuse. Some judicial discretion to evaluate the desirability of a renewed stay appears to be necessary." *Id.* "[O]nce the PSLRA has been satisfied, the general presumption for liberal discovery provides the backstop." *In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100, 107 (D. Mass. 2002). In *Lernout & Hauspie*, the Court held that "the automatic stay does not apply to the particular facts of [that] case," where the court had resolved some but not all motions to dismiss. *Id.* at 107.

Here, the Court should reject Defendants' assertion of an entitlement to a renewed stay, automatic or otherwise. As multiple courts have noted, the PSLRA's use of the term "any motion" is ambiguous. *In re Salomon Analyst Litig.*, 373 F. Supp. 2d at 254-55; *Lernout & Hauspie*, 214 F. Supp. 2d at 105 ("A close reading of the statutory provision [*i.e.*, the PSLRA's "any motion" stay provision] suggests that

PLAINTIFFS' OPPOSITION TO EX PARTE APPLICATION FOR JUDGMENT RE DISCOVERY STAY

its meaning is not as plain as defendants contend. . . . I conclude that the provision is ambiguous on its face."); *In re Global Crossing Ltd. Sec. Litig.*, 322 F. Supp. 2d 319, 352 (S.D.N.Y. 2004) (PSLRA "does not specify how the stay is to be applied in cases involving multiple defendants bringing multiple motions to dismiss"); *Latham v. Stein*, 6:08-2995 RBH, 6:08-3183-RBH, 2010 WL 3294722, *2-3 (D.S.C., Aug. 20, 2010) (purpose of PSLRA stay served when motions to dismiss against some defendants had been denied even though additional defendant had moved to dismiss, so discovery could proceed against the defendants who had unsuccessfully moved to dismiss).

As Defendants contend, "any" could mean "every," which would invite delay and abuse through successive motions whenever discovery or other events justify Plaintiffs amending their complaint in the regular course of litigation. *See In re Southern Pacific Funding Corp. Sec. Litig.*, 83 F. Supp. 2d 1172, 1174-75 (D. Or. 1999) (allowing plaintiff to amend complaint based on evidence gathered during discovery notwithstanding PSLRA); F.R.C.P. Rule 15(a) (leave to amend "shall be freely given when justice so requires").

Alternatively, given the context and goals of the PSLRA, "any" could mean "any motion until such time as the Court has first sustained the sufficiency of the complaint." This meaning makes most sense because the discovery stay serves two purposes: (1) sometimes the cost of discovery could force innocent parties to settle frivolous securities class actions and (2) sometimes plaintiffs might file frivolous lawsuits to conduct discovery in hopes of finding a sustainable claim. *Lernout & Hauspie*, 214 F. Supp. 2d at 106. Both of these purposes have been satisfied once the Court has determined, as it did here, that the complaint is sufficient under the PSLRA's rigorous standards. As the Court noted in *Lernout & Hauspie*, there is no indication that Congress specifically considered scenarios with multiple motions to dismiss. *Id.*; *Latham*, 2010 WL 3294722, *2 (quoting *Lernout & Hauspie* on this point and holding "[t]his court agrees"). *See also* H.R. Conf. Rep. No. 104-369

MᴄKᴏᴏʟ Sᴍɪᴛʜ Hᴇɴɴɪɢᴀɴ, P.C.
Lᴏs Aɴɢᴇʟᴇs, CA

McKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CA

(1995) (not discussing multiple motions to dismiss), *reprinted in* 1995 U.S.C.C.A.N. 730; S. Rep. No. 104-98 (1995) (same), *reprinted in* 1995 U.S.C.C.A.N. 679.

There is little authority analyzing the application of the PSLRA to a successive motion to dismiss an amended complaint after a court has sustained the sufficiency of all claims in a prior complaint against the same defendants. Judge Lynch's decision in *In re Salomon Analyst Litigation* is the best-reasoned decision where the question was considered. In *Salomon Analyst*, Judge Lynch found "any" ambiguous with respect to successive motions after a denial of a motion to dismiss, explaining that the PSLRA's policies do not require a renewed automatic stay after a court has confirmed the sufficiency of pleaded claims. *In re Salomon Analyst Litig.*, 373 F. Supp. 2d at 254-56. *See also Latham*, 2010 WL 3294722, *2-3 (purpose of PSLRA stay served when motions to dismiss against some defendants had been denied even though additional defendant had moved to dismiss, so discovery could proceed against the defendants who had unsuccessfully moved to dismiss).

Warburg states that "the [*Salomon Analyst*] district court *enforced* the automatic [PSLRA] stay of discovery even in the face of defendants' multiple motions to dismiss." Dkt. 288, p. 11 of 17. Actually, Judge Lynch made clear that he thought that the argument in support of an *automatic* stay was "troubling" and that he should instead exercise discretion to determine if a further stay should be granted.

> [D]efendants insist that the mere filing of *any* motion to dismiss, 'successive or otherwise' . . . , automatically renews the statutory stay. [¶] This argument has troubling implications. . . . Some judicial discretion to evaluate the desirability of a renewed stay appears to be necessary. [¶] Moreover, defendants' assertion that 'the law is well established that successive motions . . . do stay discovery under the PSLRA' . . . is, to say the least, overstated.

*In re Salomon Analyst Litigation*, 373 F. Supp. 2d at 254-55. Judge Lynch then determined to exercise his discretion to grant a stay because he determined that new case law made it appropriate to reconsider his prior denial of the motion to dismiss.[2]

---

[2] The *Salomon Analyst* court determined to exercise that discretion to impose a second stay because a new Second Circuit decision was issued after his prior order sustaining the sufficiency of

7                                    Case No.: 2:15-cv-08574-PSG-MRW

PLAINTIFFS' OPPOSITION TO EX PARTE APPLICATION FOR JUDGMENT RE DISCOVERY STAY

As Warburg notes, other courts have disagreed. Dkt. 288, pp. 9-11 of 17. This Court is not bound by any of those decisions. The only case that would bind this Court, *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959 (9th Cir. 2014), did not reach the issue. In *Petrie*, the Ninth Circuit considered whether a plaintiff could amend a complaint with discovery that was provided by a third party during the pendency of a PSLRA stay. The district court said "no," and the Ninth Circuit reversed. In the course of considering that appeal, the Ninth Circuit noted that "the bulk of district courts have ruled that filing a motion to dismiss the amended complaint also triggers a [PSLRA] stay of any discovery." *Id.* at 968 (citing *Fosbre*, *McGuire*, and *Smith Barney*).[3] The court, however, determined that it did not need to resolve that issue because the relevant discovery request had occurred before the asserted PSLRA stay would have taken effect, and the stay, if it existed, would "not prohibit a party from accepting third-party responses to properly-issued requests." *Id.*

Warburg misreads *Petrie*. Warburg asserts: "In order to resolve this issue [of a possible violation of the automatic discovery stay], the Ninth Circuit [in *Petrie*] necessarily needed first to address the threshold issue of whether the automatic PSLRA stay applied to the amended complaint . . . ." Dkt. 288, p. 9 of 17. But that is not correct. The Ninth Circuit made clear that it was not reaching that "threshold" issue because, even if the defendants in that matter had prevailed on that issue, there still would be no violation of the stay. *Petrie*, 761 F.3d at 968 ("*assuming* that a discovery stay arose when Cole gave notice of his intent to file a motion for judgment on the pleadings, we do not read the statute [specifically, the stay] to have retroactive application [barring use of discovery requested before the stay]") (emphasis added).

---

the prior complaint and the correctness of the prior order had been called into question. Here, that is not the fact pattern. There is no new clarifying authority from the Ninth Circuit, and Defendants do not assert otherwise.

[3]    In *Petrie*, the Ninth Circuit also cited, with a "cf.," *In re Lantronix Sec. Litig.*, No. CV02-03899 PA, 2003 WL 22462393 (C.D. Cal. Sept. 26, 2003). *Lantronix* addressed only the question of whether the PSLRA automatic stay applied even though the initial motion to dismiss challenged only part of Plaintiffs' case. *Lantronix* concluded that it did. *Id.* at *2.

MCKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CA

PLAINTIFFS' OPPOSITION TO EX PARTE APPLICATION FOR JUDGMENT RE DISCOVERY STAY

*Salomon Analyst* provides the best and most detailed analysis of the question presented here. The PSLRA does not provide for an automatic renewed stay when the Court has already confirmed the legal sufficiency of a plaintiff's claims.

B.    The Pending Motions Do Not Justify a Stay.

Defendants' motions to dismiss do not challenge the sufficiency of Plaintiffs' entire complaint, only the sufficiency of the additional allegations in the Third Amended Complaint. Thus, regardless of Defendants' motions, discovery will need to be completed.

Defendants have not identified any discovery that will not need to take place if Defendants prevail. They cannot. The motions do not seek to narrow Plaintiffs' case as it existed before Plaintiffs filed the Third Amended Complaint.

The Warburg Defendants claim in a footnote and without providing any details or examples that additional discovery will be required if Plaintiffs' prevail, "including whether discovery is necessary regarding the November 2012 noteholder call and regarding a supposed duty to correct and whether a correction occurred within a reasonable time." Dkt. 288, p. 15 of 17, n. 7. The Warburg Defendants are mistaken. The November 2012 noteholder call is already part of the case. While the Court ruled that "none of the statements from the November 2012 Noteholder Call form a basis for 10b-5 liability for DiMino, Perez, Carney or Warburg," the Court did not limit Plaintiffs' common law claims in any way, which include allegations relating to that call. Dkt. 156, pp. 22 & 34. The Warburg Defendants have recognized as much during discovery when they have sought information relating to the call. Walters Decl., Ex. A (Warburg Interrogatory No. 1 & Definition O seeking information relating to the November 2012 investor call) & Ex. B (Warburg RFP No. 9 seeking information relating to any investor calls). Similarly, information relating to corrections of Defendants May 2014 misrepresentations has always been at issue given Plaintiffs are required to prove loss causation. Dkt. 156, p. 29 (explaining the Plaintiffs are required to show "'the market learned of and reacted to the fraud'").

McKool Smith Hennigan, P.C.
Los Angeles, CA

PLAINTIFFS' OPPOSITION TO EX PARTE APPLICATION FOR JUDGMENT RE DISCOVERY STAY

Plaintiffs' additional allegations in the Third Amended Complaint relate to the same set of facts and circumstances at issue in the Second Amended Complaint. The discovery is the same. There is no need to stay it.

Additionally, a stay is particularly inappropriate where, as here, Defendants are unlikely to prevail on their motions. Defendants' principal argument in support of their further motions to dismiss is that there is no "duty to correct" under Section 10(b) and thus the allegations in the Third Amended Complaint fail to state a "duty to correct" claim. Dkt. 315-1, 317. But every Circuit Court to have addressed the issue has rejected Defendants' position.[4]

The First Circuit, the Second Circuit, the Third Circuit, the Seventh Circuit and Eleventh Circuit all have held that Section 10(b) imposes a duty to disclose and correct. Specifically, when a company makes a historical statement that, at the time made, the company believed to be true, but as revealed by subsequently discovered information actually was not, the company must correct the prior statement within a reasonable time. *Backman v. Polaroid Corp.*, 910 F.2d 10, 16–17 (1st Cir. 1990) ("Obviously, if a disclosure is in fact misleading when made, and the speaker thereafter learns of this, there is a duty to correct it."); *Butler Aviation Int'l v. Comprehensive Designers*, 425 F.2d 842, 843 (2d Cir. 1970) (finding defendant's "failure to attempt to correct the release despite recognition of its inaccuracy" was good cause to issue injunction); *Overton v. Todman & Co.*, 478 F.3d 479, 487 (2d Cir. 2007) ("an accountant has a duty to correct its prior certified statements," which "requires only that the accountant correct statements that were false *when made*"); *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1331-32 (7th Cir. 1995); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1431 (3d Cir. 1997) (Alito, J.)

---

[4] Defendants rely upon a statement in an unpublished, per curiam decision by the Ninth Circuit that it had not yet resolved the question of whether there is a duty to correct. *Pension Trust Fund for Operating Engineers v. Yahoo! Inc.* (*In re Yahoo! Inc. Secs. Litig.*), 611 Fed. Appx. 387, 389 (9th Cir. 2015). While noting that the Seventh Circuit in *Stransky* found a duty to correct, the Ninth Circuit in *Yahoo!* explained that it was not required to reach the issue because the pleading in that matter established that the defendants had in fact corrected within a reasonable time. *Id.* at 389-90.

10                                Case No.: 2:15-cv-08574-PSG-MRW

PLAINTIFFS' OPPOSITION TO EX PARTE APPLICATION FOR JUDGMENT RE DISCOVERY STAY

McKool Smith Hennigan, P.C.
Los Angeles, CA

("[W]hen a company makes a historical statement that, at the time made, the company believed to be true, but as revealed by subsequently discovered information actually was not," the "company then must correct the prior statement within a reasonable time."); *Rudolph v. Arthur Andersen & Co.*, 800 F.2d 1040, 1041 (11th Cir. 1986) ("Where a defendant's failure to speak would render the defendant's *own* prior speech misleading or deceptive, a duty to disclose arises.").

## IV.   CONCLUSION.

The limited new allegations in Third Amended Complaint do not support a further stay of discovery or an extension of the upcoming August 21, 2018 discovery cut-off.  Plaintiffs request that the Court hold that there is no stay under the PSLRA or otherwise.

DATED: July 19, 2018                    Respectfully submitted,

MCKOOL SMITH HENNIGAN, P.C.

By:   */s/ Kirk Dillman*
        Kirk Dillman

Attorneys for Plaintiffs

MCKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CA

PLAINTIFFS' OPPOSITION TO EX PARTE APPLICATION FOR JUDGMENT RE DISCOVERY STAY